IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIESEL POWER SOURCE AND BRET PARK,<br><br>      Plaintiffs,<br>v.<br><br>CRAZY CARL'S TURBOS and CARL TETREAULT,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:14-CV-826 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

On December 8, 2016, the court heard argument on Plaintiff Diesel Power Source's Motion for Sanctions[1] and Defendant Crazy Carl's Turbos Motion for Protective Order.[2] Having considered the parties' motions, the undersigned enters the following order granting the motion for protective order and taking under advisement the motion for sanctions.

The parties in this dispute "operate businesses that focus on manufacturing and producing diesel products and/or services."[3] The products sold by both Plaintiff and Defendant are designed to "increase the horsepower, gas mileage, and overall performance of [a] consumer's vehicle."[4] According to Plaintiffs most consumers purchase these items through word of mouth, reliance upon industry experts, magazines and by visiting a variety of online diesel forums and message boards. The advent of the modern age with the Internet has created hundreds of these forums or message boards where hobbyists and enthusiasts can exchange ideas, information, consumer reviews and opinions. The current conflict arises from these reviews and opinions.

---

[1] Docket no. 50.

[2] Docket no. 52.

[3] Complaint ¶18, docket no. 2.

[4] *Id.* ¶21.

1

Allegedly Defendant, Carl Tetreault,[5] held himself out to be an expert in the diesel product category and has grown in respect among members on certain message boards. Plaintiffs accuse Mr. Tetreault of using his reputation and negative postings, comments and emails that allegedly came from him or Crazy Carl's Turbos to disparage its business. These alleged defamatory comments have been replicated and "republished by numerous other blogs, message boards, and forums."[6] At issue currently is Plaintiffs' Motion for Sanctions and Defendants' Motion for a Protective Order.

Plaintiffs seek sanctions for the alleged failure of Defendants to comply with this court's May 24, 2016 Order compelling Defendants to produce certain items. Plaintiffs seek an order compelling immediate production of these documents, a stay of the most recent scheduling order until production is complete, a contempt finding by the court for Defendants failure to produce the materials and an award of attorney's fees.

During the hearing the parties agreed that some items, such as state tax returns, need not be produced because they were unavailable or had already been provided. What remains according to Plaintiff are Carl Douglas' federal tax returns and bank statements, along with emails that include certain search terms which were part of the court's prior May 2016 order.

Closely related to the Motion for Sanctions is Defendants Motion for a Protective Order.[7] Defendants seek protection for "overly generic search terms provided by the Plaintiff pursuant to this Court's Order entered on May 24, 2016."[8] In its May 2016 order the court permitted Plaintiffs to submit five search terms that Defendants would use to search its email

---

[5] Defendant Carl Tetreault is also known as Carl Douglass. The court refers to Defendant as Carl Douglas in the remainder of its decision.

[6] *Id.* ¶33.

[7] Docket no. 52.

[8] Mtn. p. 1.

communications dating back to January 1, 2010.  Plaintiffs submitted the terms: Turbo, Tech, Compound, Twins, and Cummins.  The problem with these terms, according to Defendants, is that a search using these terms results in finding every email ever sent or received because Turbo is "actually in the name and email address of the Defendant Crazy Carl's Turbos."[9]

Having heard the parties' arguments the court is still convinced that the items ordered in its May 2016 order are relevant and as such the undersigned will take Plaintiffs Motion for Sanctions under advisement.  Whether the court grants the motion will depend in part upon Defendants compliance with the ordered discovery.  Defendants will be ordered to produce those remaining discovery items that are outstanding within thirty days from the date of this order.  In addition, the court warns Defendants that continued failure to provide the ordered discovery will result in more severe sanctions as set forth by *Ehrenhaus v. Reynolds*.[10]

The undersigned, however, finds that the search terms previously submitted by Plaintiffs are overly generic and result in an undue burden placed upon Defendants.  Rule 26, which governs discovery, includes principles of proportionality and recent amendments place greater emphasis on this important principle.[11]  The court therefore grants the motion for protective order insofar as Plaintiffs are to provide within 14 days from the date of this order five detailed search terms that must be more detailed than those previously submitted.  For example, a search term using a part of Defendants' business name is not acceptable.  Defendants are then given thirty days to provide responses to the search terms and may mark the documents and emails provided as attorney's eyes only.  The intent of the court's prior order permitting five search

---

[9] Mtn. p. 2.

[10] 965 F.2d 916 (10ht Cir. 1992).

[11] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . ."  Fed. R. Civ. P. 26(b) (2016)

terms was to help move this case toward resolution. It is not to facilitate a fishing expedition by Plaintiffs.

## ORDER

In accordance with the foregoing, the court takes Plaintiffs' Motion for Sanctions under advisement. IT IS ORDERED that Defendants are to provide within thirty days those outstanding discovery items that have yet to be provided.[12]

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order is GRANTED as set forth above. Plaintiffs are to provide more detailed search terms within 14 days from the date of this order.

Finally, due to the delay created by Defendants failure to provide ordered discovery and by Plaintiffs submission of overly generic search terms, the court will stay the dates in the scheduling order. The parties are ORDERED to provide a new stipulated schedule to the court within forty-five (45) days from the date of this order that takes into account the production of the discovery ordered herein.

IT IS SO ORDERED.

DATED this 5 January 2017.

_____
Brooke C. Wells
United States Magistrate Judge

---

[12] These include Carl Douglas' federal tax returns and bank statements.