IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIESEL POWER SOURCE AND BRET PARK,<br><br>            Plaintiffs,<br>v.<br><br>CRAZY CARL'S TURBOS and CARL TETREAULT,<br><br>            Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTIONS FOR SANCTIONS<br><br>Case No. 2:14-CV-826 DN<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

To state that the parties in this matter are not cooperating with each other is an understatement.  Each of the parties have taken turns filing motions for sanctions and each of the parties have complained to the court about the other side failing to provide requested discovery. This case was originally filed in November 2014 and for the most part it has sat stuck in the quagmire of discovery despair.  Currently pending is Plaintiff's Motion for Sanctions that the court took under advisement previously;[1] Defendants' Motion for Order to Show Cause and for Sanctions;[2] And, Plaintiffs recently filed Motion for Decision on Enforcement of Sanctions and a Request for Additional Sanctions.[3]

The court addresses these respective motions below, but before doing so, the undersigned notes that discovery in this case is governed by the Short Form Discovery Motion Procedure.  In May 2015 Judge Nuffer ordered that the parties follow the Short Form Discovery Motion

---

[1] Docket no. 50; *see* Memorandum decision and order dated January 5, 2017, docket no. 74.

[2] Docket no. 75.

[3] Docket no. 78.

Procedure.[4]  Part of this procedure requires that a motion "must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys."[5] The Short Form Discovery Motion Procedure has proven to be effective in civil litigation and given its effectiveness, it has now been codified as part of the local discovery rules in Rule 37-1. Previously it was often entered on a case by case basis but now the Local Rules make it applicable on a much broader scale.

Also applicable here is the court's inherent power to sanction.  The Supreme Court in *Chambers v. Nasco, Inc.*,[6] has explained that the court has a power to sanction that is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[7]  They are instead "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[8]  These inherent powers to sanction may be used "to sanction conduct that abuses the judicial process."[9]  And it includes sanctions to prevent abuses of the discovery process.[10]

With these principles and the Local Rules in mind the court turns to the pending motions.

---

[4] Docket no. 24.

[5] Short Form Discovery Motion Procedure p. 1; *see also* DUCivR 37-1(4) (2016).

[6] 501 U.S. 32, 43 (1991),

[7] *Id.*

[8] *Id.*

[9] *Towerridge, Inc. v. T.A.O, Inc.*, 111 F.3d 758, 765 (10th Cir. 1997).

[10] *See Large v. Mobile Tool Int'l, INc.*, 2008 WL 89897 at *7 (N.D.Ind. Jan. 7, 2008) ("The court has the inherent authority to sanction a party for misconduct, including prelitigation spoliation, in order to protect the integrity of the judicial system and prevent abuses of the discovery process." (citation omitted) (internal quotation marks omitted)).

Plaintiff seeks sanctions for the alleged failure of Defendants to comply with this court's May 24, 2016 Order compelling Defendants to produce certain items.  Plaintiff seeks an order compelling immediate production of these documents, a stay of the most recent scheduling order until production is complete, a contempt finding by the court for Defendants failure to produce the materials and an award of attorney's fees.  Following a hearing held in December of last year it became apparent that some items, such as Carl Douglas' federal tax returns and bank statements and emails found based on certain search terms, were still outstanding.  The undersigned entered an order on January 5, 2017 taking the Motion for Sanctions under advisement and noted that whether the motion is granted will depend in part upon Defendants compliance with producing the requested discovery.

In the January 5th order the court found the search terms submitted by Plaintiff previously "are overly generic and result in an undue burden placed upon Defendants."[11] Plaintiff was ordered to provide "five detailed search terms that must be more detailed than those previously submitted."[12]  Following the court's order Plaintiff provided Defendants with five search terms—Diesel Power Source, Dtech, Turbocharger, Twin Turbocharger and Compound.[13] Plaintiff also provided 72 "spelling variations" on these search terms for a total of 77 search terms.[14]

The number of search terms resulted in the filing of Defendants' Motion for Order to Show Cause and for Sanctions.[15]  In that motion Defendants again assert Plaintiff is on a fishing

---

[11] Memorandum decision and order dated January 5, 2017, p.3, docket no. 74.

[12] *Id.*

[13] *See* Def.s' Mtn to Show Cause ex. A, docket no. 75-1.

[14] Plaintiff provided 38 variations on the first search term, 15 on the second, 8 on the third, 5 on the fourth and 6 on the fifth for a total of 77 search terms.

[15] Docket no. 75.

expedition.  Defendants also argue that Plaintiff has failed to comply with the court's May 24, 2016 order and Defendants ask for sanctions citing to the *Ehrenhaus* factors.[16]  For some unknown reason Defendants interpret the court's January order to include an *Ehrenhaus* warning against Plaintiff.  The plain language of that order, however, not only undermines Defendants argument but it sets forth a warning against Defendants not Plaintiff.[17]

In response Plaintiff argues it is easy to search using the 72 "spelling variations" if quotations are used.  If done in this manner then the results will not return "every single email" ever sent or received by Defendants.  Plaintiff also followed up its opposition by filing a Motion for Decision on Enforcement of Sanctions and Request for Additional Sanctions.[18]  In this motion Plaintiff again points to those items Defendants have yet to provide in discovery and seeks additional sanctions.  Plaintiff also notes that despite its best efforts to cooperate discovery is still lacking despite three separate motions, two court hearings and two court orders.

After considering all that has happened during discovery the court finds both parties to be at fault.  First, the court finds Plaintiff has failed to sufficiently narrow its search terms.  Previously the court found Plaintiff's search terms to be overly generic placing an undue burden upon Defendants.  Now, Plaintiff has taken the court's instruction to provide five search terms to an extreme by supplementing it with 72 additional "spelling variations."  Such an expansion is not within the spirit and intent of the court's prior orders, its comments during hearings or within

---

[16] *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992) (noting factors a court should consider before entering dismissal as a sanction against a party).

[17] *See* Memorandum decision and order dated January 5, 2017, p 3 ("Defendants will be ordered to produce those remaining discovery items that are outstanding within thirty days from the date of this order.  In addition, the court warns Defendants that continued failure to provide the ordered discovery will result in more severe sanctions as set forth by *Ehrenhaus v. Reynolds*.").

[18] Docket no. 78.

the principles of proportionality found in the discovery rules.[19]  Although discovery is broad it is not without limits and the court will enforce those limits here.  Given Plaintiff's actions the court will deny Plaintiff's Motion for Sanctions and it will limit the search terms as set forth below.

Next, Defendants Motion for Order to Show Cause and for Sanctions not only misstates the record before the court, it also fails to comply with the Short Form Discovery Rules as set forth by Judge Nuffer and as set forth in Local Rule 37-1.  Defendants have failed to provide any "certification that the parties made reasonable efforts to reach agreement on the disputed matters"[20] and that provides an additional basis to deny Defendants motion.  Because Defendants motion complains of missing discovery and seeks sanctions for discovery violations, the court interprets it to be within Local Rule 37-1's requirements.  Much of Defendants motion is an attempt to draw the court's attention away from Defendants own malfeasance.  There is no excuse for Defendants failure to provide the federal tax returns and bank statements.  In short, there is no basis yet to impose the sanctions Defendants seek although the court *sua sponte* under its inherent powers is getting extremely close.

Lastly, Plaintiffs most recent motion is not well taken given Plaintiffs actions in this case.  The court warns both parties that going forward there needs to be a renewed spirit of cooperation otherwise the court will use its inherent powers to sanction the attorneys in this case for the continued stonewalling that has been a reoccurring theme in this litigation.

## ORDER

In accordance with the foregoing, the court DENIES Plaintiff's Motion for Sanctions.[21]  Plaintiff is permitted to use the five search terms it has provided[22] along with three listed spelling

---

[19] *See* Fed. R. Civ. P. 26(b) (2016).

[20] DUCivR 37-1(a)(4).

[21] Docket no. 50.

variations, three for each of the five search terms, for a total of twenty terms.  Plaintiff may

decide which of the listed spelling variations it would like searched and is to provide those to

Defendants within ten (10) days from the date of this order.

Defendants are ORDERED to use those twenty search terms to search its email and

provide the results to Plaintiff within thirty (30) days from the date of this order.  Under the

proportionality and cost sharing principles found in the discovery rules, Plaintiff is ORDERED

to pay one-half the production costs for this discovery.[23]

Defendants are FURTHER ORDERED to provide the missing tax returns and bank

statements within fourteen (14) days from the date of this order.

Defendants Motion for Order to Show Cause and for Sanctions is DENIED.[24]

Plaintiff's Motion for Decision on Enforcement of Sanctions and a Request for

Additional Sanctions is DENIED.[25]

IT IS SO ORDERED.

DATED this 23 February 2017.

Brooke C. Wells
United States Magistrate Judge

---

[22] Diesel Power Source, Dtech, Turbocharger, Twin Turbocharger and Compound.

[23] The court will leave it to the parties to decide how to best conduct the search and whether the use of quotation marks will help facilitate production.

[24] Docket no. 75.

[25] Docket no. 78.