IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIESEL POWER SOURCE a Utah limited liability company; BRET PARK, an individual Utah resident;<br><br>      Plaintiffs,<br>v.<br><br>CRAZY CARL'S TURBOS, INC., a Tennessee corporation; CARL TETREAULT, an individual Tennessee resident,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**GRANTING [58] MOTION TO AMEND AND**<br><br>**FINDING AS MOOT [51] MOTION TO DISMISS**<br><br><br>Case No. 2:14-cv-00826-DN<br><br>District Judge David Nuffer |

This order grants a motion to amend and finds as moot a motion to dismiss a prior version of a complaint.

## BACKGROUND

On September 23, 2014, Plaintiffs Diesel Power Source and Bret Park (collectively "DPS") filed a complaint ("Complaint") against Defendants Crazy Carl's Turbos, Inc. and Carl Tetreault (collectively "Crazy Carl's").[1] The Complaint was filed in state court and asserted the following causes of action:

1. Tortious Interference with Prospective Economic Relations

2. Defamation

3. Commercial Disparagement

---

[1] Complaint, docket no. 4-1, filed Nov. 12, 2014 (filed in state court Sep. 23, 2014).

   4.   Product Disparagement

   5.   Business Disparagement

   6.   Trade Libel

   7.   False Light

   8.   Unfair Competition

   9.   Deceptive Practices/False Advertising

   10. Injunctive Relief[2]

The lawsuit was removed to federal court on November 12, 2014 based on diversity.[3]

On December 1, 2014, Crazy Carl's moved to dismiss the Complaint. The motion to dismiss suspended the need for Crazy Carl's to file a responsive pleading.[4] However, when the motion to dismiss was denied on March 10, 2015,[5] Crazy Carl's was required to file an answer to the Complaint. On March 31, 2015, Crazy Carl's filed an answer to the Complaint ("Answer").[6]

On July 7, 2016, the parties filed a joint motion for leave to file an amended complaint.[7] That motion was granted, and on July 8, 2016, DPS filed the First Amended Complaint.[8] The First Amended Complaint eliminated the tortious interference and business disparagement claims, and added a claim for "alter ego-piercing the corporate veil." The First Amended Complaint asserted the following causes of action:

   1.   Defamation per se

---

[2] *Id.* at 9-19.

[3] Defendant Crazy Carl's Turbos Inc. Notice of Removal, docket no. 2, filed Nov. 12, 2014.

[4] Defendants Crazy Carl's Turbos and Carl Douglas's Motion to Dismiss Complaint Pursuant to 12(b)(2), 12(b)(3), docket no. 11, filed December 1, 2014.

[5] Memorandum Decision and Order Denying Defendants' Motion to Dismiss, docket no. 17, filed Mar. 10, 2015.

[6] Answer, docket no. 18, filed Mar. 31, 2015.

[7] Joint Motion Allowing Plaintiff Leave to File Amended Complaint, docket no. 47, filed July 7, 2016.

[8] First Amended Complaint, docket no. 49, filed July 8, 2016.

2. Commercial Disparagement

3. Product Disparagement

4. Trade Libel

5. False Light

6. Unfair Competition

7. Deceptive Practices/False Advertising

8. Injunctive Relief

9. Alter Ego-Piercing the Corporate Veil[9]

On July 22, 2016, Crazy Carl's moved to dismiss the First Amended Complaint ("Motion to Dismiss").[10] The Motion to Dismiss argues that DPS "has failed to adequately plead *any claim* against" Crazy Carl's,[11] but only describes two alleged failures: failure to adequately plead defamation and failure to adequately plead alter ego-piercing the corporate veil.[12] DPS opposes the Motion to Dismiss ("Opposition to Motion to Dismiss").[13] Crazy Carl's did not submit a reply in support of the Motion to Dismiss.

On August 12, 2016, after the Motion to Dismiss was filed, DPS moved to amend its First Amended Complaint ("Motion to Amend").[14] DPS argued that the defamation per se claim "was clearly an error[,]" and that it should have been a claim for defamation only.[15] DPS argued

---

[9] *Id.* at 15-24.

[10] Defendants Crazy Carl's Turbos and Carl Douglas' Motion to Dismiss Complaint Pursuant to 12(b)(6) ("Motion to Dismiss"), docket no. 51, filed July 22, 2016.

[11] *Id.* at 5 (emphasis added).

[12] *Id.* at 5-9.

[13] Plaintiff's Response Memorandum to Defendants' Motion to Dismiss ("Opposition to Motion to Dismiss"), docket no. 59, filed Aug. 12, 2016.

[14] Plaintiff's Motion for Leave to Amend/Correct Complaint ("Motion to Amend"), docket no. 58, filed Aug. 12, 2016.

[15] *Id.* at 2.

that it had been in discussions with Crazy Carl's prior to filing the First Amended Complaint, and all parties agreed that Bret Park would be removed, the claims for tortious interference with prospective business relations and business disparagement would be removed, and the claim for alter ego-piercing the corporate veil would be added.[16] DPS argued that by simple oversight, likely the "poor use of the copy and paste function," the claim for Defamation per se was added instead of a claim for defamation. Crazy Carl's argues that these are "unbelievable assertions" and DPS should not be allowed to amend.[17]

## DISCUSSION

Because amendment may affect the Motion to Dismiss, the Motion to Amend will be addressed first.

### Motion to Amend

Amendment to pleadings is governed by Rule 15, which provides:

(1) **Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) **Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.[18]

The First Amended Complaint was filed on July 8, 2016. This was done with both parties' consent. Crazy Carl's then had the option to file a responsive pleading or file a motion

---

[16] *Id.*

[17] Defendants Crazy Carl's Turbos and Carl Douglass' Response to Plaintiff's Motion for Leave to Amend/Correct Complaint ("Opposition to Motion to Amend") at 2, docket no. 62, filed Aug. 24, 2016.

[18] Fed. R. Civ. P. 15(a)(1).

under Rule 12. Crazy Carl's opted to file the Motion to Dismiss under Rule 12(b)(6) on July 22, 2016.[19] DPS was not allowed to amend the First Amended Complaint "as a matter of course" because Rule 15 allows amendment only "*once* as a matter of course[,]"[20] and DPS had already amended the Complaint once. Thus, DPS seeks leave of court to file a second amended complaint.[21]

"The court should freely give leave when justice so requires."[22] Leave to amend may be refused if there is a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[23]

Crazy Carl's argues that allowing amendment would be unduly prejudicial because the thrust of the lawsuit "continues to shift" almost two years after the filing of the original complaint; because they consented to the filing of a claim for defamation per se, not a claim for defamation; and they would be prejudiced in the preparation of a defense.[24] Crazy Carl's is incorrect. It is not *unduly* prejudicial to allow DPS to assert a claim for defamation instead of defamation per se. Defamation was one of the claims brought in the original Complaint. It is not a new claim that is outside the general scope of the lawsuit. Crazy Carl's cannot credibly argue that a defamation claim is a wholly new argument that changes the landscape of the litigation. Thus, while Crazy Carl's may be inconvenienced in having to shift its focus from defamation per

---

[19] Motion to Dismiss at 1.

[20] Fed. R. Civ. P. 15(a)(1).

[21] Fed. R. Civ. P. 15(a)(2).

[22] Fed. R. Civ. P. 15(a)(2).

[23] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

[24] Opposition to Motion to Amend at 5, 6.

se to defamation, there is no undue prejudice. Additionally, the Motion to Amend was filed at least a month before the deadline to amend pleadings expired.[25]

Crazy Carl's also argues that allowing amendment would be futile.[26] Crazy Carl's argues that statements which are merely "nettlesome or embarrassing to a plaintiff" do not constitute defamation, and a claim for defamation fails if "no defamatory meaning can reasonably be inferred by reasonable persons from the communication."[27] Crazy Carl's then contends that the "changing of the standard from defamation to defamation *per se* and now back to defamation is evidence that the comments that [DPS] has filed suit over are not defamatory."[28] Crazy Carl's does not explain how the changing of the claim from defamation to defamation per se and then back to defamation would constitute evidence of non-defamatory comments. Therefore, Crazy Carl's has failed to support its futility argument on these grounds.

Crazy Carl's also argues that DPS's defamation claim is futile because DPS failed to allege special damages in its Proposed Second Amended Complaint.[29] Crazy Carl's is correct that special damages must be alleged to state a claim for defamation.[30] "Special damages are

---

[25] The deadline for DPS to amend pleadings was September 30, 2016. Second Amended Scheduling Order at 2, docket no. 82, entered Mar. 15, 2017; *see also* Order Granting Joint Stipulation to Extend Dates and Deadlines, docket no. 46, entered June 13, 2016 (extending deadline to amend pleadings to November 15, 2016 for Plaintiffs and December 30, 2016 for Defendants). DPS filed its Motion to Amend on August 12, 2016, over a month before the deadline set forth in the March 15, 2017 Scheduling Order and over three months before the deadline set forth in the June 13, 2016 Scheduling Order. The discrepancy in these two scheduling orders may need to be rectified by motion of the parties.

[26] Opposition to Motion to Amend at 6-9.

[27] *Id.* at 7 (quoting *Int'l Ass'n of United Mine Workers Union v. United Mine Workers of Am.*, Case No. 2:04-cv-00901-DB, 2006 WL 1183245, *3 (D. Utah May 1, 2006) (unpublished) (citing *Cox v. Hatch*, 761 P.2d 556, 561 (Utah 1988)).

[28] Opposition to Motion to Amend at 8.

[29] *Id.* (citing Proposed Second Amended Complaint at 18-19, ¶ 100, Ex. A to Motion to Amend, docket no. 58, filed Aug. 12, 2016).

[30] *Computerized Thermal Imaging, Inc. v. Bloomberg LP*, 312 F.3d 1291, 1297-98 (10th Cir. 2002) (analyzing Utah defamation law) (emphasis omitted); *Nichols v. Daily Reporter Co.*, 83 P. 573, 574 (Utah 1905) (explaining that to state a claim for defamation, "special damages must be averred").

those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct, and typically stem from and depend upon the particular circumstances of the case."[31] Special damages "require the pleading of considerable detail."[32] When special damages are "an essential ingredient of the plaintiff's claim for relief," such as "in cases of defamation," they "must be specially pleaded with some specificity in order to demonstrate the sufficiency of the plaintiff's claim for relief, particularly to defeat a motion to dismiss under Rule 12(b)(6) as well as to inform the defendant of the nature of the claim."[33]

The Proposed Second Amended Complaint alleges special damages with adequate detail. It alleges the following special damages:

    a.  Corrective Branding at $8,000.00 for at least 12 months.

    b.  Online reputation Management: $10,000.00 to $15,000.00 per month for potentially 36 months.

    c.  Plaintiff will have to paid [sic] monthly sponsor fee of at least $150 to become a vendor on the forums, so that he will have the ability to logon to the forum and identify himself as Diesel Power Source and rebut all the derogatory comments and questions that are results of the Defendant's false and misleading statements, for approximately three years.

    d.   Attorneys fees ranging between $175 per hour and $335 per hour.[34]

Unlike other cases where "no special damages were alleged in the complaint,[35] DPS's allegations of special damages in the Proposed Second Amended Complaint "defeat a motion to

---

[31] 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1310 (3d ed. Jan. 2017).

[32] *Id.*; Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated.").

[33] 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1310 (3d ed. Jan. 2017).

[34] Proposed Second Amended Complaint at 18-19, ¶ 100, docket no. 58, filed Aug. 12, 2016. *See Computerized Thermal Imaging*, 312 F.3d at 1300 n. 15 ("Attorney's fees . . . are permitted as special damages *in a slander of title action* if incurred 'to clear title or to undo any harm created by whatever slander of title occurred.'" (emphasis added)).

[35] *Allred v. Cook*, 590 P.2d 318, 320 (Utah 1979) ("No special damages were alleged in the complaint" for defamation).

dismiss under Rule 12(b)(6) as well as . . . inform [Crazy Carl's] of the nature of the claim."[36] The conclusion that special damages have been adequately *pled* does not mean they are conclusively *proven*. Rather, accepting the factual allegations as true, the Proposed Second Amended Complaint adequately alleges special damages. Thus, it would not be futile to allow DPS to amend its complaint to include a claim for defamation. Crazy Carl's is incorrect.

Because amendment would not be unduly prejudicial or futile, the Motion to Amend is granted. DPS is granted leave to file the Proposed Second Amended Complaint. The following causes of action are alleged in the Proposed Second Amended Complaint:

1. Defamation

2. Commercial Disparagement

3. Product Disparagement

4. Trade Libel

5. False Light

6. Unfair Competition

7. Deceptive Practices/False Advertising

8. Injunctive Relief

9. Alter Ego-Piercing the Corporate Veil

### Motion to Dismiss

As explained above, the Motion to Dismiss argues that DPS "has failed to adequately plead *any claim* against" Crazy Carl's,[37] but only describes two alleged failures: failure to adequately plead defamation and failure to adequately plead alter ego-piercing the corporate

---

[36] 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1310 (3d ed. Jan. 2017).

[37] Motion to Dismiss at 5 (emphasis added).

veil.[38] The Motion to Dismiss, however, analyzes the First Amended Complaint which will be supplanted by the Proposed Second Amended Complaint. Accordingly, the Motion to Dismiss is moot.

## ORDER

IT IS HEREBY ORDERED that the Motion to Amend[39] is GRANTED. DPS is granted leave to file the Proposed Second Amended Complaint on or before March 31, 2017.

IT IS FURTHER ORDERED that the Motion to Dismiss[40] is MOOT.


Dated March 24, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[38] *Id.* at 5-9.

[39] Plaintiff's Motion for Leave to Amend/Correct Complaint ("Motion to Amend"), docket no. 58, filed Aug. 12, 2016.

[40] Defendants Crazy Carl's Turbos and Carl Douglas' Motion to Dismiss Complaint Pursuant to 12(b)(6) ("Motion to Dismiss"), docket no. 51, filed July 22, 2016.